IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN CHRISTOPHER CANNON, TDCJ No. 1820211, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-1694-C-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner John Christopher Cannon, through counsel, filed in the Fort Worth Division of this district a 28 U.S.C. § 2254 application for a writ of habeas corpus collaterally attacking his 2012 Johnson County convictions for evading arrest/detention with a vehicle, enhanced, and theft, enhanced. *See* Dkt. No. 1. After his petition was transferred to the Dallas Division, in which Johnson County lies, *see* Dkt. No. 4; 28 U.S.C. §§ 2241(d), 1404(a), Senior United States District Judge Sam R. Cummings referred this habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Cannon previously challenged his 2012 Johnson County convictions through an unsuccessful Section 2254 application, filed *pro se*. *See Cannon v. Stephens*, No. 3:14-cv-3936-B, 2016 WL 1055759 (N.D. Tex. Feb. 9, 2016), *rec. accepted*, 2016 WL 1047092 (N.D. Tex. Mar. 15, 2016), *C.O.A. denied*, No. 16-10395 (5th Cir. May 25, 2017), *cert. denied*, 138 S. Ct. 363 (2017), *reh'g denied*, 138 S. Ct. (2018). And Cannon

recognizes in his current petition that "[t]his is [his] second § 225[4] motion." Dkt. No. 1 at 2.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Cannon previously exercised his "one fair opportunity to seek federal habeas relief from [this] conviction." *Banister*, 140 S. Ct. at 1702. And his current petition alleges defects in this conviction – that Cannon's representation during plea negotiations fell below the right to effective assistance of counsel guaranteed by the Sixth Amendment – that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Cannon when he filed the

initial Section 2254 application. *Leal Garcia*, 573 F.3d at 222; *see also Ramos v. Davis*, 653 F. App'x 359, 364 (5th Cir. 2016) (per curiam) ("Where a petitioner seeks 'to add a new ground for relief' that was or could have been raised in an earlier federal habeas application" – including a claim of actual innocence – a court "must treat it as a second or successive habeas petition." (quoting *Williams v. Thaler*, 602 F.3d 291, 305 (5th Cir. 2010) (citing, in turn, *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)))).[1]

So, because the current claims are successive, Cannon's failure to first obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider this Section 2254 application. *See, e.g.*, *Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

---

[1] *See also In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam) ("So even though Will did not know of the State's alleged *Brady* violation at the time he filed his first habeas petition, it is still subject to AEDPA's statutory requirements for filing a successive petition." (citation omitted)); *Leal Garcia*, 573 F.3d at 221 ("[P]etitioners filing later habeas petitions [may not] assert that, because the evidence was not previously discovered or discoverable, the claim was unavailable; therefore, the later petition is non-successive. … AEDPA forbids such a reading: Section 2244(b)(2)(B)(i) states that claims based on a *factual* predicate not previously discoverable are successive."); *Blackman v. Stephens*, No. 3:13-cv-2073-P-BN, 2015 WL 694953, at *6 (N.D. Tex. Feb. 18, 2015) ("Petitioner's claims raised in her third federal habeas application attack purported defects that existed or claims that were ripe at the time of the prior applications even though Petitioner claims that the evidence to support and identify those claims was not previously discovered or discoverable." (citing *Leal Garcia*, 573 F.3d at 221-22)).

The Court could elect to cure this want of jurisdiction by transferring this application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631. But Cannon's current petition identifies the possibility that, insofar as he raises Sixth Amendment claims not previously considered by the state court and this Court, he has yet to fully exhaust his state remedies. *See* Dkt. No. 1 at 2 (recounting that Cannon filed two state habeas applications prior to filing his initial Section 2254 application here but not providing that Cannon returned to state court before raising the current claims).

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state petitioner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting Section 2254(b)(1)(A))). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).

The Court should therefore dismiss this action without prejudice to Cannon's right to seek preliminary authorization from the Fifth Circuit to file a successive Section 2254 application and, if Cannon believes that he has not fully exhausted his state remedies as to the factual and legal basis for his current claims, seeking that preliminary authorization only after doing so.

## Recommendation

The Court should dismiss this action without prejudice for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 19, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE